## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |
|---|---|

This document relates to:

*Estate of John Patrick O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 1:04-cv-01076 (GBD)(SN)

*Estate of John Patrick O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 1:04-cv-01922 (GBD)(SN)

*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)

*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)

*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD) (SN)

*Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, 1:18-cv-12114 (GBD)(SN)

*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN)

*Justin Strauss, et al. v. Islamic Republic of Iran*, 1:22-cv-10823 (GBD)(SN)

*Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN)

*Danielle Kelly, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-07283 (GBD)(SN)

*Gladys Lopez, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-08305 (GBD)(SN)

*Patricia Fennelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-10824 (GBD)(SN)

*Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN)

### AFFIRMATION IN SUPPORT OF REQUEST FOR ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST SUDAN

STATE OF NEW YORK     :
                      : ss.
COUNTY OF NEW YORK    :

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

    Jerry S. Goldman, Esq., an attorney at law duly admitted before the Courts of the State of New York, being duly sworn, hereby declares as follows:

    1.    Pursuant to Rules 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the U.S. District Court for the Southern District of New York, I make this Affirmation in support of Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against defendant Republic of the Sudan ("Sudan").

2. Plaintiffs are comprised of personal representatives and eligible family members of individuals killed, and individuals injured, in the terrorist attacks against the United States on September 11, 2001.

3. Sudan is a defendant in the above-captioned actions.

4. Sudan is not amenable to service pursuant to 28 U.S.C. § 1608(a)(1) or (2) because no special arrangement for service exists between the plaintiffs and Sudan and because there is no applicable international convention on service of judicial documents upon Sudan.

5. Plaintiffs commenced the action entitled *Estate of John Patrick O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 1:04-cv-01922 (GBD)(SN) on March 10, 2004 by filing a summons and complaint. Service on Sudan was effectuated pursuant to 28 U.S.C. § 1608 (governing service on foreign states) by J. Michael McMahon, Clerk of Court for the Southern District of New York, by sending a Complaint and Summons to Dr. Mustafa Osman Ismail ("Ismail"), Minister of External Relations, by registered mail, return receipt requested, on November 10, 2004. *See* Affidavit of Service filed on October 31, 2014 at ECF No. 2905.

6. Plaintiffs commenced the action entitled *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, 1:18-cv-12114 (GBD)(SN) on December 21, 2018 by filing a summons and complaint.

7. As set forth in the Affidavit of Service filed on November 6, 2024, Sudan was duly served under both 28 U.S.C. § 1608(a)(3) and 28 U.S.C. § 1608(a)(4). *See* ECF No. 10512 at ¶¶ 2-5.

8. As evidenced by letter dated December 19, 2019 from Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to the Southern District Clerk of Court, service was effectuated on Sudan on December 8, 2019,

docs-100728830.2

when the U.S. Embassy in Khartoum, Sudan transmitted the Service Documents to the Sudan Ministry of Foreign Affairs under cover of diplomatic note number 985. *See* ECF No. 10512, Exhibit A.  Pursuant to 28 U.S.C. § 1608(c)(1), service under § 1608(a)(4) shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."

9. On November 20, 2020, undersigned counsel filed the Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"). ECF No. 6539.  The pleadings in both *Estate of John Patrick O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 1:04-cv-01922 (GBD)(SN) and *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, 1:18-cv-12114 (GBD)(SN) were incorporated into the SCAC by reference, which then became the operative pleading in both cases. *See* ECF No. 6539, n.1. The filing of this amended complaint was authorized by this Court's November 4, 2020 Order. ECF No. 6521.  Sudan agreed to accept service through ECF of the SCAC. *See* Transcript of August 5, 2020 Conference, ECF No. 6393 at pp. 33, 34, and 46, attached to ECF No. 10512 as Exhibit E.  Thus, Sudan was duly served with the SCAC as a result of the ECF filing.

10. On December 1, 2020, without objection from Sudan and with its consent, the Court authorized a procedure whereby "[a]ny plaintiff who has a claim pending in this MDL [03-MDL-1570] may adopt the [SCAC]" (hereinafter "Notice to Conform"). ECF No. 6547. "Upon filing a Notice to Conform, the plaintiff's underlying complaint shall be deemed to include the factual allegations, jurisdictional allegations, and jury trial demand of the SCAC . . . as well as all causes of action specified in the Notice to Conform." *Id.* "If the underlying complaint of a plaintiff who files a Notice to Conform does not name Sudan as a defendant, the plaintiff shall be deemed to have added Sudan to his or her constituent case through the filing of the Notice to Conform." *Id.*

"Upon service of the Notice to Conform upon the defendant via ECF, the plaintiff's underlying case to conform to the SCAC . . . shall be deemed to have been served." *Id.* "Any motion to dismiss or responsive pleading filed by Sudan in response to the SCAC [ ] shall be deemed applicable to all actions in which a Notice to Conform is filed, regardless of when the Notice to Conform is filed." *Id.*

11. On April 19, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Complaints at ECF No. 8702 (*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq et. al.*, 1:04-cv-1076 (GBD)(SN)) and ECF No. 1 (individual docket number in *Justin Strauss, et al. v. Islamic Republic of Iran*, 1:22-cv- 10823 (GBD)(SN)). *See* ECF No. 9029.

12. On July 11, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Complaint at ECF No. 1 (individual docket number in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN)). *See* ECF No. 9203.

13. On August 7, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the following pleadings: Amended Complaint in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN), ECF No. 10 (individual docket number), the Notice of Amendment related to *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN) at ECF No. 9032, the Notice of Amendment related to *Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv- 05321 (GBD)(SN) at ECF No. 9074, and the Notice of Amendment related to *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN) at ECF No. 9260. *See* ECF No. 9271.

14. On August 31, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Amended Complaint in *Danielle Kelly, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-07283 (GBD)(SN) at ECF No. 19 (individual docket number). *See* ECF No. 9315.

15. On November 3, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Amended Complaint in *Gladys Lopez, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-08305 (GBD)(SN) at ECF No. 12 (individual docket number).  *See* ECF No. 9411.

16. On December 4, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Notice of Amendment in *Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD) (SN) at ECF No. 9450.  *See* ECF No. 9453.

17. On December 18, 2023, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Complaint in *Patricia Fennelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-10824 (GBD)(SN) at ECF No. 1 (individual case docket number).  *See* ECF No. 9474.

18. On August 6, 2024, undersigned counsel filed a Notice to Conform for all Plaintiffs in the Complaint in *Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1 (individual case docket number).  *See* ECF No. 10218.

19. On January 8, 2021, without having filed an answer to Plaintiffs' complaints, Sudan filed a motion to quash Plaintiffs' default and dismiss Plaintiffs' claims against Sudan. ECF No. 6574.

20. On August 10, 2023, the Court partially denied Sudan's Motion to Dismiss. ECF No. 9278.  The Court held that "Sudan concedes that it has been properly served." *Id*. at 18.

21. On September 8, 2023, Sudan filed on the MDL docket a Notice of Appeal from the District Court's Memorandum Decision and Order in the consolidated multidistrict litigation. *See* ECF No. 9336; *see also* 2d Cir. Dkt. No. 23-1319, Doc. No. 1 (2d Cir. Sept. 11, 2023), Notice of Appeal attached hereto as Exhibit 1.

22. On December 8, 2023, Plaintiffs moved in the Second Circuit to dismiss Sudan's appeal. 2d Cir. Dkt. No. 23-1308, Doc. No. 57 (2d Cir. Dec. 8, 2023).

23. On September 3, 2024, the Second Circuit entered an order granting Plaintiffs' motion to dismiss Sudan's appeal and dismissing Sudan's appeal. 2d Cir. Dkt. No. 23-1300, Doc. No. 98 (2d Cir. Sept. 3, 2024) attached hereto as Exhibit 2.

24. On September 24, 2024, the Second Circuit issued a mandate in the form of an "Amended Judgment" which "ORDERED, ADJUDGED and DECREED" that Sudan's appeal was dismissed. ECF No. 10394; 2d Cir. Dkt. No. 23-1308, Doc. No. 86 (2d Cir. Sept. 24, 2024) attached hereto as Exhibit 3.

25. Rule 12 of the Federal Rules of Civil Procedure requires that, in a case (as in the case concerning the Plaintiffs' claims against Sudan) where a defendant has filed a motion to dismiss, "[u]nless the court sets a different time, . . . if the court denies the motion . . ., the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

26. Here, Plaintiffs' motion to dismiss Sudan's appeal was granted on September 3, 2024, and the Second Circuit "ORDERED, ADJUDGED and DECREED" that Sudan's appeal was dismissed on September 24, 2024.

27. More than 14 days have now elapsed since Second Circuit dismissed Sudan's appeal and issued its mandate.

28. As of the date of the filing of this affidavit, Sudan has not answered Plaintiffs' Consolidated Amended Complaint or any other summons, complaint, or notice served on it in the above-referenced actions.

29. Review of the affirmations herein and the docket entries in MDL 1570 and in the above-referenced actions demonstrate that (1) Sudan (the party against whom certification of default sought) is not an infant, in the military, or an incompetent person," (2) Sudan has "failed to

plead or otherwise defend the action," and "the pleading to which no response has been made was properly served." Local Civ. R. 55.1.

30. Plaintiffs have applied for entry of default under Rule 55(a) and a proposed Clerk's Certificate of Default is being filed with this Affirmation, as required under Local Rule 55.1. Local Civ. R. 55.1(a).

31. Accordingly, under Rule 55(a) of the Federal Rules of Civil Procedure, "the clerk must enter [Sudan's] default." Fed. R. Civ. P. 55(a).

WHEREFORE, Plaintiffs respectfully request that the default of Sudan be noted and a Clerk's Certificate of Default be issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: November 11, 2024

By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
**ANDERSON KILL P.C.**
1251 Avenues of the Americas
New York, New York 10020
Telephone: (212) 278-1569
E-mail: jgoldman@andersonkill.com

*Attorney for Plaintiffs*